## STATE v. NEGRO GEORGE.

Court of Quarter Sessions.  Sussex.  November 21, 1797.

*Wilson's Red Book, 180.*\*

*Ridgely,* Attorney General, for the State.  *Wilson, Peery* and *Vining* for defendant, retained by his master.

Motion by *Wilson* after arraignment and pleas etc. for copy of the panel and peremptory challenge.  There is no Act of Assembly expressly giving a peremptory challenge in any case, but by 1 Body Laws [32] it is recognized as incident to the trial of every capital offense.  At the passing [of] that Act this very offense of a rape by a negro slave was one of those capital offenses alluded to, for the Act giving jurisdiction to two justices and six freeholders was made afterwards, 1 Body Laws 71, but did not take away by negative words the peremptory challenge, though in that mode of trial it was not practicable.  The Act, passed February 3, 1789, gives the trial of Negroes for capital offenses to the Quarter Sessions to be tried according to their usual mode of trial, but those expressions are sufficiently answered by the adoption of their process to take the party and bring the witnesses, the indictment, pleas, trial by jury, etc.  By the common law, which is extended to this state by the Constitution, peremptory challenge is incident to the trial of capital cases, therefore, the last mentioned Act of Assembly no more takes it away than it does the particular judgment incident to the offense.

BASSETT, C. J.  This Court can only try under this Act in the manner it used to other offenses before this Act, and they in no case allowed the peremptory challenge.  In point of reason, defendant is entitled to it, but the Act of 1789 prevents the allowance of it.

---

\* This case is also reported in *Rodney's Notes*, November 21, 1797.

Mr. Tennent, the master of the Negro, was offered as a witness by defendant's counsel.

Attorney objected that he is interested in the event of this suit; for he is to lose the one-third of his value at all events in case of a conviction, and I think the whole, for the act directing the Negro to be valued and two-thirds to be paid the master can not be carried into effect in this particular under the laws now in force. Witnesses are admitted in criminal cases *ex necessitate* though interested, but here there is no such necessity, there being abundant evidence to be had of the matter. The rules are the same in regard of interest in criminal as in civil cases, 2 Hawk. P.C. 610. The person whose bond is forged is no evidence to prove the forgery.

*Vining* and *Peery*. Cases as to what is or is not a disqualifying interest are much changed of late. One underwriter or wagerer may be witness for another, 3 Term 27. Tenants, servants, masters etc. may be witnesses. Trials *per pais,* 3 Term 308, members of a corporation, or inhabitants of a parish allowed for the corporation or parish, 3 Term 309. A master may be a witness to prove the delivery of property to a servant, of which he is robbed. 3 Term 312. So tenant at will to prove livery and seisin of the same lands, 3 Term 314. It is the constant practice to prove the property of goods stolen by the owner; to prove the force, by the person ousted. The owner of a note may prove the tearing upon an indictment therefor. No objection to witness that he is to receive a public reward in case of conviction.

PER CURIAM. BASSETT, C. J. The case of master and servant is not like this case. The cases of interest in the books entirely differ from the question now before us, which is whether a master can be a witness for his slave in a capital case; it is immaterial whether there were witnesses present or not. Slavery is horrible, but it would be more horrible if the master was not allowed to be a witness in favor of his slave. Let the master's interest be what it will, it is nothing when compared to the life of the prisoner. If there are cases where interested witnesses are allowed to criminate, much more are they allowable to prove innocence. We are of opinion Mr. Tennent is a competent witness, his credit to be left to the jury.

Mr. Attorney [General] in his opening to the jury insisted against the opinion of the Court that Mr. Tennent was not a legal witness—which *Wilson* resisted by arguing the case and citing authorities to the jury.

There was a probable alibi proved, and the jury found the defendant not guilty.